## No. 146
## NAT. COAL CO. v. HESKETT
### No. 19492. Supreme Court

On motion to certify. Dock. Dec. 16, 1925; 4 Abs. 10.

**355. DAMAGES—Having been recovered under allegations of petition, can further damages be recovered for all future damage which is reasonably certain to follow; and were all such subsequent damages included in the original petition?**

N. V. Heskett brought an action in the Guernsey Common Pleas against the National Coal Co. for damages, he being the owner of the surface land. He claimed that coal removed from under his land without leaving sufficient support resulted in loss of water in certain springs and wells. The judgment was in favor of Heskett.

The question raised in the Supreme Court as to damages is: When an action has been brought by the owner of the surface to recover damages by reason of removing the coal from under the land without leaving sufficient support, the damage being loss of water in certain springs and wells, and said action having gone to final judgment and the judgment paid that such an action constitutes res judicata and no further action can be brought for future damages or further loss of other springs although mining operations have been conducted subsequent to the former judgment.

The claim is based on the broad allegations of the original petition claiming therein that all the coal was mined and that the same was worthless and under such a claim the true rule of damages should be not only present apparent damage but all future damages which are reasonably certain to follow and this being the true rule of damage all such damages as subsequently followed were included in the former petition.

The Company claims that Heskett is now estopped to claim any subsequent mining of coal since in his original petition he claimed all of the coal was mined.

**Attorneys—**Chas. S. Sheppard for Company; Scott & Scott for Heskett; all of Cambridge.

---

## No. 147
## CARNIOLA REALTY CO. v. KAUSEK et
### No. 19548. Supreme Court

On motion to certify. Dock. Jan. 9, 1926; 4 Abs. 40.

**313. CORPORATIONS—Where misrepresentations are made by promoters of a prospective corporation to obtain subscriptions to capital stock and by virtue of such misrepresentations the promoters issue to themselves stock which they do not pay for but seek to make it appear are paid for, will a court of equity cancel such stock certificates, or merely order the promoters to pay for such stock?**

Anton Kausek and others were the promoters of The Carniola Realty Company. It was alleged that the promoters had induced other stockholders to subscribe for and purchase $25,000 worth of stock in the company on the representation that said promoters would subscribe for and purchase $30,000 worth of stock; that with the proceeds together with a loan for the difference a certain farm was to be purchased for $70,000; that in fact only $40,000 was being paid for the farm; that the company was incorporated and the farm purchased with the proceeds of the loan and the payment of the subscriptions of four stockholders other than the promoters; that the promoters concealed the real transaction and for no consideration issued to themselves 300 shares of stock at a par value of $30,000, such stock never was certificated under the Blue Sky Law by the Division of Securities.

The prayer asked for a temporary injunction, restraining the promoters from transferring, pledging or otherwise disposing of the stock certificates pending final hearing and that upon final hearing the stock certificates be declared null and void and the promoters be required to surrender said certificates.

The Cuyahoga Common Pleas granted a temporary restraining order but refused to cancel the certificates. The Appeals continued the injunction and rendered a personal judgment for an amount which it was determined the promoters owed for the stock.

The Company, in the Supreme Court, in support of its objection to the decree, contends:

That a wholly new theory of relief is engrafted against the protest of the plaintiff and that the decree does not afford equitable or adequate relief, because the promoters are not financially responsible.

**Attorneys—**Frank T. Cullitan and M. J. Grdina for Company; Elmer W. Waite and Robert M. Morgan, for Kausek et al; all of Cleveland.